DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-199-MOC-DCK-1

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| JONATHAN CRAIG OTUEL, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Defendant Jonathan Craig Otuel's Motion for Judgment of Acquittal or New Trial on his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18 U.S.C. § 924(c), (Doc. No. 80), and on Defendant's Renewed Motion for Judgment of Acquittal or New Trial, (Doc. No. 82).

The Government opposes both motions. (Doc. Nos. 81, 83). Defendant replied. (Doc. No. 84). The motions are now ripe for disposition.

**I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On August 17, 2021, the Grand Jury charged Defendant with Count One (Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(A)); Count Two (Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(A) and 846); Count Three (Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)); and Count Four (Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g). On March 13, 2023, Defendant pled guilty to Count Four.

1

Trial commenced on Counts One, Two, and Three on August 1, 2023. The Government called six witnesses and introduced various exhibits into evidence. Defendant orally moved for a judgment of acquittal at the close of the Government's case, and the Court denied the motion. Defendant did not call any witnesses. On August 2, 2023, the jury convicted Defendant on Counts One, Two, and Three.

The evidence at trial established that in late 2019 Defendant engaged in several drug deals involving quantities of methamphetamine of a half-pound or more with Johnny Michael Boone ("Boone") and Christopher Sigmon ("Sigmon"). On November 19, 2019, Boone and Defendant planned to sell methamphetamine out of a motel room. On the same day, Pineville Police officers Heather Kimmel and Dillon Chaney, along with two other officers, arrived at the room while investigating an assault call. Officers encountered Defendant, Boone, Vitali Gutorka ("Gutorka") and Christopher Gibson ("Gibson") at the room. Defendant and Gutorka were outside in front of one of the doors to the room, and Boone and Gibson were inside. Gibson was identified by Boone as his driver, an addict, and a low-level drug dealer who only dealt occasionally in small quantities. Gutorka was known only as Defendant's associate.

Authorities searched the room and recovered five separate stashes of methamphetamine. Chemist Natalie Ray later examined the two largest stashes. At trial, Boone claimed ownership of one of the stashes, totaling 318.17 grams of methamphetamine, and packaged in a clear ziplock bag. Boone testified that he purchased this amount from Defendant for the purpose of selling from the motel room.

The second largest stash was kept in a black ziplock-style bag and found in a black bookbag with over $5000 in cash, a digital scale, and a box of plastic baggies. Boone identified the bookbag as Defendant's property but had not seen the black ziplock-style bag before the

2

police found it. Chemist Ray also examined the contents of the black ziplock bag and concluded it contained 207.74 grams of methamphetamine. The black bookbag itself sat atop a bed next to a jacket and a motorcycle helmet. Defendant's motorcycle was parked outside just below the motel room. A green bookbag was located just inside the motel room door. Gutorka's wallet was inside the green bookbag. No drugs were found in that bag.

While Defendant stood outside the motel room, officers heard a metal object hit the ground. The sound is captured on the officers' body cameras. Officer Chaney went outside to find a .40 caliber Smith and Wesson handgun on the pavement directly below where Defendant was standing and next to a motorcycle claimed by Defendant. Officer Chaney recovered the firearm, removed the magazine, and removed a chambered round. The serial number on the firearm had been removed.

Boone and Sigmon admitted to purchasing large quantities of methamphetamine valued in the thousands of dollars, some of which they purchased directly from Defendant. Boone knew Defendant to always carry a "big body" handgun. Boone himself carried a .380 caliber handgun in the motel room. Boone explained that dealing in large quantities of methamphetamine and cash created a need for a firearm to protect him from would-be robbers. Sigmon also admitted to regularly carrying a gun, and he similarly testified that the value of the large amounts of methamphetamine and the presence of cash made guns a necessity for protection.

Defendant now asks this Court to enter a post-verdict judgment of acquittal pursuant to Rule 29, or for a new trial under Rule 33, as to all three counts. FED. R. CRIM. P. 29, 33.

**II. LEGAL STANDARD**

United States v. Robinson states the standard of review for Defendant's post-verdict acquittal motion:

> Federal Rule of Criminal Procedure 29(c) provides that, on a defendant's motion, a court may "set aside a jury verdict" and "enter an acquittal." A defendant who challenges the sufficiency of the evidence under this Rule faces an imposing burden. He must establish that the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt. When reviewing the sufficiency of the evidence supporting a criminal conviction, courts are limited to considering whether there is substantial evidence, taking the view most favorable to the government, to support it. In other words, the Court must uphold the jury's verdict if, when viewed in the light most favorable to the government, there is sufficient evidence from which any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. The jury, not the court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented. Reversal of a jury's verdict of guilty is reserved for cases where the prosecution's failure is clear.

459 F. Supp. 3d 701, 704 (N.D. W. Va. 2020) (citations omitted). Under Rule 33, a new trial can be ordered if required in the interest of justice, but "a jury verdict is not to be overturned except in the rare circumstance where the evidence weighs heavily against it." United States v. Burfoot, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation marks omitted).

### III. DISCUSSION

**1. Conspiracy and Possession with Intent to Distribute Methamphetamine (Counts One and Two).**

Defendant first seeks a new trial or acquittal as to Counts One and Two. The Court denies the motion, as the trial evidence was more than sufficient to support the jury's verdict on these counts. The Government presented evidence of continuing relationships and repeated transactions supporting the jury's finding of conspiracy, especially when coupled with substantial quantities of drugs. See United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) (considering whether a buyer-seller relationship existed between the petitioner and others and concluding that the defendant "engaged in repeated transactions involving substantial quantities of drugs). Defendant engaged in repeated transactions involving large quantities, with Boone

4

testifying that the smallest quantity of methamphetamine he ever purchased from Defendant was a half-pound (8 ounces).

Defendant argues that Boone and Sigmon provided insufficient and unreliable testimony regarding their knowledge of Defendant and his role in the conspiracy. It is well-settled, however, that this Court "may not weigh the evidence or review the credibility of the witnesses" when considering a Rule 29 motion. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997); United States v. Shelton, 200 F. App'x 219, 222–23 (4th Cir. 2006). "In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government." United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The jury heard ample evidence from Boone and Sigmon from which they could conclude Defendant was engaged in a conspiracy. The jury heard Boone and Sigmon's testimony regarding their direct knowledge of Defendant's involvement in the conspiracy, specifically, instances where Boone and Sigmon each purchased significant quantities methamphetamine from Defendant in October and November 2019. The witnesses explained that they each supplied methamphetamine and sold to other dealers. Boone further testified that he and Defendant planned to sell methamphetamine from the motel room they rented on November 19, 2019. The trial evidence demonstrated that Defendant was a supplier of methamphetamine who executed a conspiracy to source additional dealers.

In addition, the jury heard evidence regarding the witnesses' plea agreements and their incentives to testify. Boone and Sigmon each admitted to their own drug use and their level of impairment during the conspiracy. Testimony from Corporal Kimmel and Officer Chaney corroborated Boone's testimony about the events of November 19, 2019. Taking this evidence

5

together, the jury returned verdicts of guilty as to Counts One and Two. Thus, the jury clearly found as credible the testimony of Boone and Sigmon.

Defendant relies on Fifth Circuit cases to argue that the mere presence of Defendant at the motel room was insufficient evidence to support a guilty verdict as to Count Two. See (Doc. No. 82). In United States v. Pigrum, the Court found the evidence insufficient to support a conviction of possession with intent to distribute because the defendant's mere presence in a house where unidentified female clothing was found did not establish that she resided in the house. 922 F.2d 249, 254 (5th Cir. 1991). During trial, Pigrum's codefendant denied that Pigrum was living with him at the time the drugs were seized. The Court found that there was no support for the Government's argument that Pigrum was living in the house. Likewise, the court in United States v. Onick concluded that the jury must have speculated the defendant's involvement in drug trafficking based on the lack of evidence regarding possession. 889 F.2d 1425, 1429 (5th Cir. 1989).

The cases cited by Defendant are neither binding on the Court nor analogous to this case, where jury heard ample evidence that Defendant was connected to the drugs found in the motel room. The jury heard testimony from Boone that Defendant supplied Boone with the 318.17 grams of methamphetamine seized from the motel room and that Defendant arrived at the motel room with the black bookbag containing 207.74 grams of methamphetamine. Furthermore, Boone testified that Defendant planned to stay in the motel room and distribute methamphetamine with Boone. Thus, there was sufficient evidence, including testimony from a coconspirator, for a reasonable trier of fact to conclude beyond a reasonable doubt that the Defendant possessed methamphetamine with the intent to distribute. Defendant's motion for an acquittal or new trial on Counts One and Two is denied.

**2. Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Three).**

The Court finds that there was also sufficient evidence for a reasonable jury to convict Defendant on Count Three. Whether the firearm furthered, advanced, or helped forward a drug trafficking crime is a factual question for the jury. United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009). The jury may consider the numerous ways a firearm might further or advance drug trafficking. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Some factors may include, but are not limited to: (1) the type of drug activity being conducted; (2) accessibility of the firearm; (3) the type of weapon; (4) whether the weapon is stolen; (5) the status of the possession of the firearm (legal or illegal); (6) whether the gun is loaded; (7) the proximity to the drugs or drug profits; and (8) time and circumstances under which the gun is found. Id. The evidence may not be examined in a piecemeal fashion but must be considered in cumulative context looking to the complete picture, viewed in context in the light most favorable to the Government. United States v. Moody, 2 F.4th 180, 193 (4th Cir. 2021). Several of the factors listed above are discussed below.

A. The type of drug activity being conducted.

Federal law defines the terms "drug trafficking crime" as any felony punishable under the Controlled Substances Act, such as possession with intent to distribute a controlled substance. Here, the police officers seized over a pound of methamphetamine and over $5,000 in cash. The value and quantity of drugs being kept in the motel room for suggest that Defendant required the threat of force to protect his product and profit.

Federal law also makes it unlawful for any person to conspire to commit the crimes above. 21 U.S.C. § 846. Defendant was convicted of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846.

7

Defendant's co-conspirator Boone testified that he always saw Defendant with the gun that was recovered on November 19, 2019. Boone referred to it as a "big body." Boone also testified that he saw Defendant with that specific handgun earlier in the day on November 19, 2019, when Boone bought methamphetamine from Defendant. Boone further testified that Defendant was at the motel room to help Boone sell methamphetamine. Lastly, Boone testified that it is common for drug dealers to carry guns to protect themselves, their money, and their drug supply. Gun are common tools of the drug trafficking trade. See United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010) ("A handgun ... has been deemed a tool of the drug trade because it is easy to conceal yet deadly.") (internal quotation marks omitted); United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) (guns are tools of the drug trade and are commonly recognized as articles of narcotics paraphernalia). Here, the Government presented ample evidence that the drug trafficking activity by Defendant and his associates was furthered by Defendant's possession of a firearm. Accord United States v. Watson, No. 21-4120, 2023 WL 4105702, at *4 (4th Cir. June 21, 2023) (finding the trial evidence sufficient to support a 924(c) conviction where the defendant's associate testified that the defendant provided him with the gun to protect the drug operation); United States v. Keitt, 647 Fed. Appx. 157, 160 (4th Cir. 2016) (determining that the district court's reliance on statements from a witness that said the defendant "always had a gun…" was not plainly erroneous).

    B. <u>Accessibility of the firearm to Defendant</u>.

Here, the Government presented ample evidence that the firearm was accessible to Defendant. The police officers did not see the firearm when they first arrived at the motel room. From the video footage and common sense, however, the handgun eventually recovered was clearly accessible to Defendant, as it was concealed on his person. United States v. Dennis, 19

8

Case 3:21-cr-00199-MOC-DCK     Document 91     Filed 12/06/23     Page 8 of 11

F.4th 656, 668 (4th Cir. 2021) (finding that a reasonable juror was well entitled to infer that the defendant himself perceived a connection between the gun that he discarded and heroin). Defendant threw away his firearm to avoid discovery by the police. When this evidence is considered in its totality the jury could have easily concluded, beyond a reasonable doubt, that the accessibility of the firearm furthered Defendant's drug trafficking activity.

C. The type of weapon, whether the weapon was stolen, and the status of the possession of the firearm (legal or illegal), and whether the firearm was loaded.

Defendant is a convicted felon and pled guilty to felon in possession of a firearm. The body worn camera footage in this case showed a silver and black handgun being picked up from the ground next to Defendant's motorcycle. The handgun itself was received in evidence and published to the jury during trial. The handgun was loaded. The common link between handguns and drug crimes makes it reasonable for a jury to conclude that Defendant possessed a gun to further his drug trafficking crimes. See Lomax, 293 F.3d at 703 (defendant was a felon who possessed pistol); Moody, 2 F.4th at 188 (same); Watson, 2023 WL 4105702, at *2 (loaded 9mm handgun found in a home used for drug operations); United States v. Porter, No. 21-7355, 2023 WL 2570967, at *2 (4th Cir. Mar. 20, 2023) (handgun found inside a bag where defendant was present); Dennis, 19 F.4th at 661 (loaded gun and another bag containing what appeared to be narcotics were found along the flight route taken by the defendant and his co-defendants, who were felons); Keitt, 647 Fed. Appx. at 160 (crediting testimony that defendant always carried a gun).

D. The proximity of firearm to the drugs or drug profits.

While proximity alone is not sufficient evidence to convict a defendant under Section 924, juries may consider proximity in their analysis. United States v. Smith, 21 F.4th 122, 140

9

(4th Cir. 2021). Here, the evidence at trial was that Defendant was standing on the other side of a door that led to a bedroom where personal items of Defendant were present along with a bag containing methamphetamine, plastic baggies, a digital scale, and a large amount of cash (all accoutrements of the drug trade). Also presented at trial was the fact that Defendant did not live at the motel. The trial evidence also established that Defendant had a separate door to access the outside walkway where police officers found him when they first arrived. This second entrance to the outside gave Defendant direct access to his belongings and the drugs that he intended to sell. This second entrance also allowed Defendant to keep his firearm, which was on his person, in close proximity to the drugs. While Defendant's firearm was not located with the drugs, the unique layout of the motel room is another factor the jury was able to consider when coming to the reasonable conclusion that Defendant possessed the firearm near the drugs and in furtherance of drug trafficking.

E. The time and circumstances under which the gun is found.

Defendant contends that his unsecure living conditions could have been a reason why he possessed a firearm. However, there was no evidence received at trial that any firearms were found in the trailer where Defendant lived. Instead, the evidence established that Defendant brought an illegal firearm to the motel room where large amounts of methamphetamine were being possessed for the purposes of distribution. Defendant was in the motel room at night with three other individuals, some of whom admitted to being present to sell drugs. Additionally, the room was being rented as a hub for drug distribution. Ample evidence showed that Defendant was carrying the firearm on his person and threw it to avoid detection because he was aware of the large amount of methamphetamine and cash just beyond the doorway in the room. Accord United States v. Moody, 2 F.4th 180, 193 (4th Cir. 2021) (finding ample evidence to support

10

Section 924 conviction where police officers stopped the defendants at 3:24 a.m. after seeing them leave an intersection known for drug sales, where one defendant was close to two firearms hidden under the passenger's driver's seat, and where both firearms were loaded and concealed under car seats and found in the same car as a bag of cocaine valuing at least $8,000).

Viewing the evidence in the light most favorable to the Government, a rational trier of fact could find that Defendant possessed a firearm in furtherance of a drug trafficking crime. Thus, Defendant's Motion for Acquittal or New Trial on Count Three will be denied.

### IV. CONCLUSION

In sum, the evidence at trial was sufficient for a rational trier of fact to find Defendant guilty on all counts beyond a reasonable doubt. For the reasons stated herein, the Court denies Defendant's motion for acquittal or new trial.

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal or New Trial on his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18 U.S.C. § 924(c), (Doc. No. 80), and Defendant's Renewed Motion for Judgment of Acquittal or New Trial, (Doc. No. 82), are both **DENIED**.

Signed: December 6, 2023

Max O. Cogburn Jr.
United States District Judge